East v. Smith

THOMAS F. EAST, Administrator of MANA AGUSTA PERRY, Deceased v. BETTIE P. SMITH, et al, Respondents; and ROBERT M. WILLIAMS, JR., and wife, MARIAN WILLIAMS; ANNA W. ALSTON and husband, ARCHIE ALSTON; SARAH LEE WILLIAMS SMITH and husband, MELVIN SMITH; LUCY C. WILLIAMS, Unmarried and BALDY JUNIOR SMITH; AARON JACOB SMITH; LEWIS AUGUSTUS SMITH; JEANNETTE SMITH TURNER; FANNIE SMITH KINGSBERRY; and JOHN F. MATTHEWS, Commissioner, Movants-Appellants

No. 719SC419

(Filed 14 July 1971)

Executors and Administrators § 13— payment of debts — order of sale — intestate's undivided interest in realty

The order of sale of an intestate's undivided interest in realty, which is entered for the purpose of paying the debts of the estate, must be supported by a finding that the intestate's personal property was insufficient to pay the debts. G.S. 28-81.

APPEAL by Robert M. Williams, Jr., and wife, Marian Williams; Anna W. Alston and husband, Archie Alston; Sarah Lee W. Smith and husband, Melvin Smith; Lucy C. Williams; Baldy Junior Smith; Aaron Jacob Smith; Lewis Augustus Smith; Jeannette Smith Turner; and Fannie Smith Kingsberry (movants) and John F. Matthews, commissioner (Matthews), from *Hobgood, Judge,* 21 December 1970 Session of Superior Court held in FRANKLIN County.

Thomas F. East, administrator of Mana Agusta (Augusta) Perry, deceased (petitioner), instituted this proceeding on 7 July 1967 alleging that his intestate at the time of her death owned and was in possession of a 1/8th undivided interest, and a 1/6th undivided interest of another 1/8th interest, in a described 168-acre tract of land in Franklinton Township, Franklin County, North Carolina; that this entire 168-acre tract of land had been owned by J. N. Perry (father of Mana Agusta Perry) who died testate on 5 March 1929; that although there was an agreement between the heirs of J. N. Perry in 1947 to partition and divide the land among themselves and to have a map or survey made, "said map or survey and a record of said division has never been recorded in the records of Franklin County or ever confirmed in any way by any court"; that his intestate, Mana Agusta Perry, left no personal estate whatsoever; that the debts of the estate, including funeral expenses and costs of administration, are

approximately $1,500; and that all of the tenants-in-common in the 168 acres of land are parties. The petitioner requested that a guardian *ad litem* be appointed to represent any unknown persons having an interest in the 168-acre tract of land; that an actual partition of the lands be made; and that the portion allotted for Mana Agusta Perry be sold and the proceeds be disposed of as provided by law.

At the September 1969 Session of Superior Court of Franklin County, a trial by jury was waived by the petitioner and the parties then represented by attorney John F. Matthews. After hearing the evidence and considering the stipulations, the court made findings of fact, among which was a finding:

"This cause coming on to be heard and being heard before the undersigned, C. W. Hall, Judge Presiding over the September, Superior Court, Civil 1969 Session of Franklin County, North Carolina, and the Petitioner, Thomas F. East, Administrator of Mana Agusta Perry, deceased, being represented by E. C. Bulluck, attorney, and several of the respondents being represented by John F. Matthews, Attorney, and upon the call of the case for trial, the parties stipulated, and the Court finds that all respondents and parties interested in the special proceeding were properly served with summons and had been made parties to this proceeding.

That upon motion by E. C. Bulluck, attorney for the Petitioner, and John F. Matthews, attorney for several of the respondents, trial by jury was waived.

The petitioner offered evidence and the respondents offered no evidence, and after due inquiry, the Court finds as a fact from the evidence the following:

(a) That this is a special proceeding, which is before the Superior Court for trial upon the interpretation of the Will of J. N. Perry, deceased, said Will being duly filed for probate in the Office of the Clerk of the Superior Court for Franklin County, North Carolina, and recorded in Will Book W, page 230.

(b) That the Petitioner is the qualified and acting administrator of the Estate of Mana Agusta Perry, deceased, and that the debts of said estate amount to $743.80.

East v. Smith

(c) That the lands as described in the petition filed herein are such that an actual partition for division between more than twenty tenants in common owning an interest in said lands is impracticable and that it would be injurious to all tenants in common for said lands to be divided by partition and that said land is rural farm land containing scattered fields and woodland with little other potential; that it is in the best interest of all tenants in common and all parties to this special proceeding that said lands be sold as by law provided for sale of lands for partition and the proceeds, after payment of costs, be divided among the various tenants in common as their interests may appear, as hereinafter set forth."

The court also made findings of fact as to the respective interests of the parties and entered the following order:

"1. That E. C. Bullock and John F. Matthews are hereby by the Court appointed commissioners to sell at public sale as by law provided for sale of lands for partition, the lands described in paragraph six of the petition filed herein, containing 168 acres, more or less, and to report the sale to the Clerk of the Superior Court, Franklin County, North Carolina, for confirmation, who is hereby authorized to carry said sale to conclusion.

2. That E. C. Bulluck and John F. Matthews, Commissioners, after paying all costs of this action and any other costs now accumulated or hereafter accumulated, and taxes and cost of sale, shall disburse the proceeds remaining to the several tenants in common as their interests hereinabove appear.

(3) That E. C. Bullock and John F. Matthews, attorneys, are hereby allowed the sum of $300.00 each as attorneys fees for that portion of this special proceeding which relates to the interpretation of the Will of J. N. Perry, and that this allowance shall in no manner reflect on any amount that they might become entitled to as commissioners in this special proceeding as such, or in the sale of the lands as hereinabove ordered, and that such allowances shall be taxed by the Clerk of the Superior Court as part of the costs of this proceeding.

(4) It is further ordered that this cause is hereby remanded to the Clerk of the Superior Court for Franklin County, North Carolina for such further proceedings and orders as may be necessary to effectuate the same."

There were no objections, exceptions or appeal from this order until 4 May 1970 and 3 June 1970 when all of the movants requested, in writing, that the sale of the lands, as previously ordered by the court and reported to the court, be not confirmed. These motions were denied. Upon motion of petitioner, John F. Matthews was removed by the clerk of superior court as one of the commissioners on 17 June 1970. The clerk ordered that E. C. Bulluck was to continue as commissioner, and he was directed "to promptly proceed to bring this matter to a conclusion as by law provided and as directed by Orders of this Court." On 18 June 1970 movants and Matthews gave notice of appeal to the judge of superior court having jurisdiction.

On 21 September 1970 movants filed a motion alleging they were invoking "Rule 55(d) and Rule 60(b) of the Rules of Civil Procedure (G.S. 1A-1)," asking that the order of Judge Hall, dated 24 September 1969 and ordering the 168-acre tract of land sold, be vacated and set aside on the following grounds:

"1. The said order and judgment for the sale of the entire 168-acre tract of land took us by surprise, in that the petition which we were required to answer asked for an actual partition of the said tract of land in separate tracts or parcels of land as shown by the map of said 168-acre tract made in 1947 by Phil R. Inscoe, Registered Surveyor, which was attached to and made a part of the petition.

2. There is no allegation of facts in the said petition, or in any other pleading served upon us, tending to show that a sale of the entire 168-acre tract was necessary to avoid injury to any of the parties to this proceeding.

3. There was no satisfactory proof of facts before Judge Hall at the September 1969 Civil Session of Superior Court which would tend to show that a sale of the entire 168-acre tract was necessary to avoid injury to any of the parties to this proceeding.

4. There is no sufficient finding of facts in the said order and judgment showing that a sale of the entire

168-acre tract of land was necessary to avoid injury to any of the parties to this proceeding.

5. That in the absence of such allegation, proof and finding of facts showing that a sale of the entire 168-acre tract of land was necessary to avoid injury to any of the parties, the Superior Court was without jurisdiction or authority to order a sale of the entire tract.

6. That as recited in Finding of Fact (a) in the said order and judgment, this special proceeding was before the Superior Court for trial upon the interpretation of the will of J. N. Perry, deceased, and no notice was given to us that the Judge of Superior Court at the September 1969 Civil Session of Franklin County Superior Court would consider any application for sale of the entire 168-acre tract of land.

7. We have a meritorious defense: the 168-acre tract can be divided, and since November 1947 has been divided, into eight parcels as shown on the 1947 Inscoe map attached to the petition, and each parcel respectively has been in exclusive occupation by those entitled to such parcel without injury to or conflict between any of the parties entitled.

8. This motion to set aside and vacate the said order and judgment of 24 September 1969 is made within one year from the date of entry of the same."

Without specifically ruling on the motion to vacate, on 18 December 1970 Judge Brewer, after hearing the appeal of movants and Matthews from the order of the clerk of superior court dated 17 June 1970, entered an order, the pertinent parts being as follows:

"IT IS NOW, ORDERED, that the Order of Ralph S. Knott, Clerk of the Superior Court of Franklin County, North Carolina, dated June 17, 1970, is in all respects, affirmed and that the appeal of the above named respondents and of John F. Matthews, Commissioner, from said Order is overruled and is dismissed.

AND IT IS FURTHER ORDERED that this cause is remanded to the Clerk of the Superior Court of Franklin County for further proceedings, in accordance with law."

Under date of 21 December 1970, the clerk of superior court entered an order of confirmation and directed, among other things, that the sale of the 168-acre tract held on 23 March 1970 by the commissioners for the price of $21,155.00 be approved, ratified and confirmed and ordered that E. C. Bulluck, commissioner, be directed to execute and deliver a deed to the purchaser. The clerk of superior court further ordered that E. C. Bulluck, commissioner, be allowed $3,000 as commissioner's fee. This order of confirmation was approved by Judge Hobgood, the Resident Superior Court Judge of the 9th Judicial District.

On 23 December 1970 the movants appealed the order of confirmation of the clerk of superior court to the "Judge of the Superior Court having jurisdiction."

On 28 December 1970 movants and Matthews served a notice on petitioner of appeal to the Court of Appeals from the order of Judge Brewer dated 18 December 1970.

*E. C. Bulluck, and Thomas F. East for petitioner appellee.*

*John F. Matthews for movants and Matthews, appellants.*

MALLARD, Chief Judge.

On 8 June 1971 petitioner filed a motion to dismiss the appeal of movants on the grounds that "this appeal was apparently taken and perfected purely for the purpose of delay." This motion is denied.

Movants contend, among other things, that the judgment ordering the sale should be vacated for fatal defects appearing on the face of the record. When the cause was heard by Judge Hall, jury had been waived and answer had been filed by movants Fannie Smith Kingsberry, Aaron Jacob Smith and Jeannette Smith Turner, together with other alleged tenants in common. John F. Matthews was their attorney. The other movants had not filed answer. After the sale but before confirmation, all movants, represented by John F. Matthews, filed a motion asking that the sale be not confirmed; and thereafter, but before confirmation of the sale, they moved to vacate the order of Judge Hall.

This began as an action by the petitioner under the provisions of G.S. 28-81 for the sale of his intestate's undivided

interest in the real estate described for the purpose of paying the debts of the estate. G.S. 28-81 provides in part:

"When it is alleged and shown that the real property of the decedent consists in whole or in part of an undivided interest in real property, *and that sale of such undivided interest is necessary to make sufficient assets to pay debts,* including the charges of administration, the personal representative of the decedent may, at the time of applying by petition to sell the real property to make assets, apply by petition for partition of the lands in which the decedent held an undivided interest. Such petition for partition may be joined as a part of the petition to sell the real property, and, when the personal representative petitions for the sale of such undivided interest to make assets, he is a proper party petitioner to the same effect as if he were a joint tenant or tenant in common." (Emphasis added.)

While there was a finding in the order signed by Judge Hall that the debts of the estate of Mana Agusta Perry amounted to $743.80 and that Mana Agusta Perry died owning a 24/1152 undivided interest in the 168-acre tract of land, there is no finding by the judge that the personal estate of Mana Agusta Perry was insufficient to pay all of her debts or that a sale of such undivided interest was necessary to make sufficient assets to pay her debts, including the charges of administration, as required by G.S. 28-81. In the case of *Poindexter v. Bank,* 247 N.C. 606, 101 S.E. 2d 682 (1958), it is said:

"Moreover, the essential fact *to be found* to enable an administrator to *maintain* a proceeding to sell land to make assets, G.S. 28-81, *et seq.,* is the insufficiency of personal property to pay the debts of the decedent. Therefore there must be definite statements in the petition as to the amount of debts outstanding against the estate, and as to the personal estate, and the application therefore, to enable the court to see that there is such insufficiency of personal property. And the respondents, heirs at law, who are required to be made parties to the proceeding, have the right to plead any defense against a debt for which sale of the lands are to be made." (Emphasis added.)

In the case at bar the petitioner alleged that there were debts of the estate and that there was no personal property

owned by the estate; however, both of these allegations were denied by the answering movants. The issues were thus raised, but the court did not find the essential fact of insufficiency of personal property to pay the debts of the decedent. Absent such a finding, the order of sale for partition was improvidently entered. The motion to vacate the judgment entered 24 September 1969 by Judge Hall should have been allowed.

In view of the foregoing, we do not discuss movants' other assignments of error. The order of Judge Hall dated 24 September 1969 and all subsequent orders entered pursuant thereto are vacated, and this cause is remanded to the Superior Court of Franklin County for further proceedings as provided by law.

Remanded.

Judges CAMPBELL and HEDRICK concur.